Andrew W. Stavros (8615)
Shakira J. Zavala (18595)
**STAVROS LAW P.C.**
8915 South 700 East, Ste. 202
Sandy, Utah 84070
Tel: 801.758.7604
Fax: 801.893.3573
andy@stavroslaw.com
*Attorneys for Plaintiff Mi Ryu*

### IN THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MI RYU**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**ZIONS BANCORPORATION, N.A.**,<br><br>Defendant. | **COMPLAINT**<br><br>(JURY DEMAND)<br><br>Case No. 2:23-cv-00796-JCB<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Mi Ryu, by and through her attorney of record, brings this complaint ("Complaint") against Defendant Zions Bancorporation, N.A., pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and for causes of action against Defendant as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Mi Ryu ("Ryu" or "Plaintiff"), at all times relevant hereto, was a resident of Salt Lake County, State of Utah.

2. Defendant Zions Bancorporation, N.A., ("Zions" or "Defendant") is a national bank headquartered in this District at One South Main Street, Salt Lake City, Utah. Zions Bank is

1

an unincorporated division of Defendant Zions Bancorporation that conducts banking business in Utah, Idaho, and Wyoming.

3. At all times relevant to this Complaint, Zions had more than 15 employees.

4. At all times relevant to this Complaint, Zions was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

5. At all times relevant to this Complaint, Ryu was an "employee" of Zions within the meaning of Title VII, 42 U.S.C. § 2000e(f).

6. Ryu has exhausted her administrative remedies prior to filing this action, having filed a timely charge with the Utah Antidiscrimination & Labor Division ("UALD") and the Equal Employment Opportunity Commission (EEOC) on or about November 10, 2022, and having obtained a notice of right to sue from the EEOC dated August 3, 2023.

7. The employment practices alleged to be unlawful were committed in Salt Lake County, State of Utah.

8. This Court has jurisdiction over Ryu's claims asserted herein pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.

9. The claims asserted herein arose in the District of Utah, Central Division. Accordingly, venue is proper pursuant to 28 U.S.C. §§ 125 and 1391.

## **FACTUAL ALLEGATIONS**

*Background*

1. Ryu is an Asian female, of Korean national origin.

2. On or about January 5, 2015, Zions hired Ryu to work as a Credit Risk Analyst.

3. Two of Ryu's supervisors were Mike Hsiu ("Hsiu") and Celeste Delrio ("Delrio").

4. Ryu was qualified to perform her job with Zions due to her education, training, experience, ability, and other factors.

5. Ryu performed her duties and responsibilities competently, effectively, and in accordance with the terms of her employment with Zions, and her performance either met or exceeded Zions' reasonable expectations.

6. In August 2018, Zions promoted Ryu as a Financial Analyst II, in the asset liability team.

7. In the fall of 2019, Paul Stuk ("Stuk"), was hired by Zions as a Corporate Asset Liability Director.

8. In or around January 2020, Hsiu left his employment with Zions.

9. In Ryu's most recent annual performance review (for calendar year 2021), Ryu was given a high rating of (4.18/5), with her supervisor, Delrio, expressing praise for Ms. Ryu in many areas and identifying areas for further growth.

10. In fact, Ryu had received a pay raise at the beginning of 2022, and was supposed to receive a second raise in the second half of 2022.

11. On May 9, 2022, Ryu's manager, Delrio, resigned from her management position.

12. Prior to June 2022, Ryu never received any oral or written disciplinary actions claiming that she had deficiencies in her performance.

13. After Delrio left, Stuk became Ryu's manager.

14. After Delrio left, Ryu had to complete both her own tasks, and the tasks previously assigned to Delrio.

15. On May 9, 2022, Stuk asked Ryu overtly racist questions about how long she had been a resident of the United States, to which Ryu replied, twenty years. Thereafter, Stuk asked Ryu "Do you feel like you are an American?"

16. Stuk conceded that he would have general discussions about Ryu's Korean background during the course of Ryu's employment at Zions, and he, in fact, did.

17. After Delrio left, Ryu expressed interest in Delrio's former position as a Data Manager, since she was already doing Delrio's assigned tasks.

18. In June 2022, Ryu became aware of a QRM conference and expressed interest in attending but Stuk denied the request.

19. In June 2022, Ryu applied and interviewed for the management position Delrio formerly held as a Data Manager.

20. On June 6, 2022, Stuk informed Ryu that she would not get the Data Manager position because she did not have the qualifications, stating "you do not have the skills I am looking for."

21. Stuk hired a white male employee to fill the Data Manager position.

22. On June 29, 2022, Ryu informed Stuk that she believed she was being discriminated against, telling Stuk that she felt his decision in not promoting her was discriminatory.

23. On June 30, 2022, Ryu made a formal discrimination complaint to Zions Human Resources.

24. Zions Human Resources received Ryu's discrimination complaints that she was being denied valuable training opportunities, and likewise complained that she was being subjected to racially discriminatory treatment.

25. Justin Jackson ("Jackson"), HR Representative, was assigned to investigate Ryu's complaint of discriminatory failure to promote and said we will investigate but our decision was probably right.

26. On the same day, Ryu emailed Natalie Packer ("Packer"), senior vice president of human resources, with Jackson cc'd and told Packer what Jackson had said and requested a different HR representative.

27. Zions also failed to conduct an adequate investigation in accordance with its own policies, failed to fully review Ryu's allegations, and ultimately retaliated against Ryu for engaging in protected activity.

28. Shortly after Ryu made her complaints to HR, Stuk became increasingly hostile towards Ryu.

29. On July 5, 2022, Stuk made an announcement that Jan Fugal ("Fugal"), a white male, was the new Data Manager for ALM.

30. Ryu was required to train Fugal in his new position.

31. On July 7, 2022, Ryu emailed Packer about the disparate treatment she was experiencing in career advancement opportunities.

32. After Ryu's complaints to HR, Ryu's workload increased significantly because Ryu was given the assigned tasks meant for two employees. Ryu also had to do her work in addition to Delrios's work, and she was also required to train Fugal. Ryu's workload was significantly heavier than her white colleagues with comparable positions.

33. In August 2022, Ryu made a request to Stuk for accommodation to work from home.

34. On August 25, 2022, Packer emailed Ryu stating that Stuk informed her that Ryu wanted to work from home due to health concerns.

35. In the August 25, 2022, Ryu informed Packer that Stuk told Ryu that she had "mental problem and should get professional help."

36. Zions investigation of Ryu's complaints resulted in letting Ryu know that it was a coaching opportunity but that they did not find any evidence of discrimination.

37. On September 9, 2022, Ryu met with Stuk, Fugal, and Zions Human Resources, wherein Stuk told her he would not communicate with her, and all communication had to go through Fugal.

38. After Ryu raised her complaints, Zions employees (i.e., Stuk) refused to interact with Ryu in any way, they ignored Ryu, and isolated Ryu.

39. Ryu requested that the meeting have at least one "non-white" individual present, so Zions scheduled a second meeting for September 12, 2022.

40. On September 12, 2022, Ryu requested that they postpone the meeting because she had not recovered from the September 9, 2022, meeting and her anxiety and insomnia had flared up. Michael Chiazzese ("Chiazzese"), Human resources, told Ryu that if she was "not feeling well enough to work" she could "take a sick day", otherwise, the meeting needed to proceed as scheduled.

41. Ryu responded to Chiazzese, stating that she didn't "feel safe" and requested at least one person who supported her and mentioned she was "still suffering from insomnia and stress." During the following days Ryu reached out to several individuals at Zions in the hopes of finding someone that would support her, but the requests were refused or they simply didn't respond, including Zions Diversity Representative.

6

42.   During the September 21, 2022, meeting with Stuk and Packer, Ryu brought up the fact that Stuk had made comments such as: "if I teach you all these skills you'll probably leave the bank;" "a good manager should develop the employee's skills;" and "Team members should rotate out."

43.   Zions issued performance expectations for Ryu in retaliation for Ryu's complaints.

44.   Zions subjected Ryu to retaliation for opposing a discriminatory practice and further subjected her to adverse action when it terminated her employment after complaining of discrimination.

45.   On October 12, 2022, Zions terminated Ryu's employment.

46.   As a direct result of Zions' unlawful actions set forth herein, Ryu has suffered lost wages, harm to her future earning capacity, emotional distress, pain and suffering, humiliation and other compensatory damages.

## FIRST CAUSE OF ACTION
### (Racial and National Origin Discrimination in Violation of Title VII)

47. Ryu incorporates the allegations in the preceding paragraphs as if fully set forth herein.

48. Pursuant to 42 U.S.C. § 2000e-2(a)(1), it is unlawful for an employer to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of race and/or national origin.

49. Ryu is Asian or Korean national origin and was subjected to unlawful discrimination by Zions.

50. At all times during her employment with Zions, Ryu performed her duties and responsibilities competently, effectively, and in accordance with the terms of her employment.

51. Ryu was subjected to disparate treatment on the basis of her race and/or national. White comparator employees, who are of U.S. national origin, were provided preferential and more favorable treatment in the terms and conditions of their employment.

52. Ryu was subjected to adverse employment action because of her race and/or national origin. The adverse actions taken against Ryu include the denial of valuable training opportunities, denial of promotion, disciplinary action and termination. All of which altered the terms, conditions, and privileges of her employment.

53. Ryu's race and/or national origin was the motivating factor for the Zions' adverse Actions.

54. Zions' proffered reasons for failing to promote Ryu are false and instead Zions denied Ryu's promotion for employment because of her race and/or national origin.

55. Zions' proffered reasons for terminating Ryu are false and instead Zions intended on terminating Ryu from her employment because of her race and/or national origin.

56. Ryu has suffered damages caused by Zions' unlawful discrimination including lost pay and benefits, damage to her career and professional reputation, humiliation and pain and suffering, emotional distress, and other compensatory damages in an amount to be determined at trial.

57. Zions' unlawful conduct toward Ryu in violation of Title VII was done with malice and/or in reckless disregard in discriminating against Ryu based upon her race and/or national origin, such that is should be subject to an award of punitive damages.

58. Ryu is also entitled to recover attorneys' fees and costs incurred in bringing this action, and such other relief as is available under law.

## SECOND CAUSE OF ACTION
### (Sex Discrimination in Violation of Title VII)

59. Ryu incorporates the allegations in the preceding paragraphs as if fully set forth herein.

60. Pursuant to 42 U.S.C. § 2000e-2(a)(1), it is unlawful for an employer to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of sex.

61. Ryu is female.

62. Ryu was subjected to unlawful discrimination by Zions based on her sex

63. Ryu was subjected to adverse employment action because of her sex.  The adverse actions taken against Ryu include disciplinary action, failure to promote, termination and altering the terms, conditions, and privileges of her employment.

64. Ryu's sex was the motivating factor for the Zions' adverse actions against Ryu.

65. Zions' proffered reasons for terminating Ryu are false and instead Zions intended on terminating Ryu from her employment because of her sex.

66. Zions' actions have directly and proximately cause Ryu substantial past and future economic loss, including lost wages, damage to her career and professional reputation, humiliation and pain and suffering, emotional distress, and other compensatory damages in an amount to be determined at trial.

67. Zions' unlawful conduct toward Ryu in violation of Title VII was done with reckless disregard in discriminating against Ryu based upon her sex, such that is should be subject to an award of punitive damages.

68. Ryu is also entitled to recover attorneys' fees and costs incurred in bringing this action, and such other relief as is available under law.

## THIRD CAUSE OF ACTION
**(Harassment in Violation of Title VII)**

69. Ryu incorporates the allegations in the preceding paragraphs as if fully set forth herein.

70. Title VII of the Civil Rights Act of 1964, as amended, prohibits workplace discrimination on the basis of race, sex, or national origin, in relation to the terms, benefits, and conditions of employment.

71. The workplace harassment Ryu experienced was unwelcome, frequent, severe, pervasive, and created a hostile work environment.

72. The workplace harassment Ryu was subjected to made Ryu feel uncomfortable and afraid, and made it more difficult for Ryu to perform her work duties.

73. Through Ryu's complaints, Zions knew or reasonably should have known that its employees were engaging in unlawful and offensive behavior, as alleged herein.

74. Zions had a duty to maintain a workplace free from harassment and retaliation. Zions negligently failed to take sufficient action to maintain a workplace free from harassment and retaliation and failed to promptly correct harassment in the workplace.

75. Zions failed to establish, monitor, and enforce an effective anti-harassment policy, and knowingly or negligently failed to supervise its employees in a manner that would prevent the harassment, intimidation, and retaliation that Ryu experienced.

76. Zions maintained, fostered, participated in, and/or ratified a hostile work environment where intimidation was so severe and pervasive that it altered the terms and conditions of Ryu's employment.

77. The workplace harassment Ryu was subjected to—along with Zions' failure to

promptly correct and/or prevent the harassment—resulted in a tangible adverse employment action, and Zions is strictly liable to Ryu.

78. The workplace harassment also caused Ryu to suffer emotional distress. Ryu has sought and received medical care for her emotional distress.

79. The facts alleged herein constituted a pervasive and severe hostile work environment.

80. Zions is absolutely liable for the harassment Ryu experienced that culminated in a tangible adverse employment action against Ryu.

81. Zions's actions or inactions have directly and proximately caused Ryu to experience substantial past and future economic loss, including lost wages, damage to her career, earning potential, and professional reputation, and pain and humiliation and emotional distress in an amount to be determined at trial.

82. Zions's actions were taken with malice and were wanton, reckless, and in knowing or reckless disregard of Ryu's federally protected rights. Accordingly, Zions is also liable for punitive damages.

83. Ryu also seeks recovery of her court costs and attorney's fees pursuant to Title VII.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

84. Ryu incorporates the allegations in the preceding paragraphs as if fully set forth herein.

85. Title VII prohibits retaliation against any employee for reporting or opposing unlawful discrimination and harassment or because of the employee's participation in any manner in an investigation, proceeding, or hearing under Title VII.

86. At set forth herein, Ryu complained to Zions' management and human resources

department that she was being subjected to unlawful harassment on the basis of her sex, race and/or her national origin.

87. At set forth herein, Ryu complained to Zions' management and Zions human resources department that she was being subjected to unlawful discrimination on the basis of her sex, race and/or her national origin.

88. Ryu's complaints were based on her reasonable belief that she was being subjected to unlawful harassment on the basis of her sex, race and/or national origin, and that she was being subjected to unlawful discrimination on the basis of her sex, race and/or national origin.

89. Ryu engaged in protected activity by opposing the treatment she received - which she reasonably believed constituted unlawful discrimination and harassment.

90. Because of her protected activities, Ryu was subjected to retaliation in the form of being subject to discrimination, harassment, unreasonable performance reviews, unreasonable expectations not required of other similarly situated employees, failure to promote in June 2022, and termination from her employment on October 12, 2022.

91. Zions' materially adverse actions against Ryu were in response to her protected activities under Title VII.

92. Zions' actions or inactions have directly and proximately cause Ryu substantial past and future economic loss, including lost wages, damage to her career, humiliation and pain and suffering, emotional distress, and other compensatory damages in an amount to be determined at trial.

93. Zions' unlawful conduct toward Ryu in violation of Title VII was done with reckless disregard for her federally protected rights, such that it should be subject to an award of punitive damages as well.

94. Ryu has suffered damages caused by Zions' unlawful retaliation.

95. Ryu seeks recover of all back wages, future wages, consequential losses, special damages, and compensatory damages caused by Zions' unlawful retaliation.

96. Ryu is also entitled to reasonable expenses and attorneys' fees pursuant to Title VII.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Ryu demands a trial by jury on all the issues that are triable to a jury.

## CONCLUSION & REQUEST FOR RELIEF

WHEREFORE, Plaintiff Mi Ryu requests judgment and relief against Defendant Zions Bancorporation, N.A. as follows:

(1) For all back wages, future wages, and other consequential damages caused by Zions's violations of Title VII;

(2) For compensatory damages to compensate Ryu for her severe emotional distress, pain and suffering, anguish, humiliation and loss caused by Zions' violations of Title VII;

(3) To the extent Zions' violations of Title VII were committed willfully, intentionally, or recklessly, Ryu seeks an award of punitive damages;

(4) For prejudgment and post-judgment interest, as applicable;

(5) For Ryu's attorney's fees and costs of suit, including expert witness fees; and

(6) Such further and additional legal or equitable relief as the Court deems appropriate.

Dated this 1st day of November, 2023.

/s/ Andrew W. Stavros
Shakira Zavala
Andrew W. Stavros
STAVROS LAW P.C.
*Attorneys for Plaintiff Mi Ryu*